**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **RENEE MCGHEE**, *et al.*,          )  | |
| )  | |
| **Plaintiffs,**          )  | |
| )          | **Civil Action** |
| v.          )          | **No. 5:02-CV-371(CAR)** |
| )  | |
| **STATE OF GEORGIA**, *et al.*,          )  | |
| )  | |
| **Defendants.**          )  | |

*ORDER ON MOTIONS FOR SUMMARY JUDGMENT*

This case is presently before the Court on several motions for summary judgment brought by Defendants and two requests for oral argument on the motions for summary judgment filed by Defendants as well. After a complicated procedural history fraught with extensions, attorneys withdrawing, and other problems, Plaintiffs have responded, and Defendants have replied so the motions are now ripe for decision by the Court. The Court will address each motion in turn after a recitation of the background of this case.

**BACKGROUND**

In their complaint, Plaintiffs seek damages for the death of Steven Johnson. Plaintiffs allege that Mr. Johnson [hereafter decedent] died on October 10, 2000, after escaping from the custody of probation officers employed by the State of Georgia. The complaint alleges, in essence, that decedent was murdered by his probation officers, with the help of officers of the Macon Police Department. According to the complaint, decedent reported as a probationer to the probation office in Macon at approximately 5:00 p.m. on October 10, 2000. During his meeting with Probation Officer Roger Stembridge, decedent

tested positive for the presence of marijuana. Officer Stembridge placed decedent under arrest, handcuffed him, and escorted him to a state vehicle for transportation to the Bibb County Jail. Probation Officer Dale Freeny assisted Officer Stembridge in escorting decedent.

Still handcuffed, decedent broke free from the probation officers and fled into a wooded area bordered by the Ocmulgee River. The officers pursued decedent. An unspecified number of police officers from the City of Macon Police Department arrived to assist in the pursuit. Plaintiffs allege that these officers, along with Officers Stembridge and Freeny, apprehended decedent and began to beat him severely. After allegedly beating decedent, the officers allegedly threw him, still handcuffed, into the river. A letter from Plaintiff McGhee to the Georgia Department of Administrative Services, which is attached to Plaintiffs' Third Amended Complaint as evidence of *ante litem* notice to the State of Georgia, indicates that decedent's body was recovered by a fisherman six days later.

Upon recovery of decedent's body, the Bibb County Coroner's office conducted an examination into the cause of his death, and convened a jury for an inquest. Plaintiffs allege that Defendant Miley, the deputy coronor for Bibb County, and Defendant Sims, the Regional Medical Examiner for Central Georgia for the Georgia Bureau of Investigation, "intentionally conducted an incomplete examination of the decedent's body, or deliberately rendered an incomplete and false report of [the] examination of decedent's body," (Complaint, ¶ 62, 63) in order to conceal the injuries inflicted upon decedent by the alleged beating. In addition, the complaint alleges that Defendants Stembridge, Freeny, and Sims intentionally gave false information to the jury at the coroner's inquest, and that the Macon Police Department intentionally withheld pertinent information.

It is undisputed that decedent met with his probation officers on the day of his death, that he escaped, and that they chased him with the assistance of Macon Police officers. It is also undisputed that decedent is dead, his body was found in the Ocmulgee River several days after the date of the chase, that his body was examined, and the findings presented at an inquest. Other than Plaintiffs' bare allegations, the only evidence Plaintiffs present to establish that decedent was beaten, thrown into the river, and that numerous persons conspired to cover up this incident are statements made by an eye witness to the alleged events named David Smith. Smith has never made a formal statement to the police and has never been located in order to give testimony as to what he allegedly saw on the date in question.

Plaintiffs filed their initial complaint [Doc. 1] in this Court on October 9, 2002, alleging thirteen counts under various federal and state laws, including various violations of constitutional rights, conspiracy, violations of "RICO," and wrongful death. The complaint is 69 pages long and includes 455 paragraphs. Plaintiffs filed an amended complaint [Doc. 4] on October 29, 2002, adding an additional 45 paragraphs, but no new claims. Following a hearing on July 9, 2003 [Doc. 24], the Honorable Hugh Lawson of this Court granted Defendants' motions [Docs. 5,7,9,11] for more definite statement and ordered Plaintiffs to redraft their complaint. Plaintiffs filed a Second Amended Complaint on July 29, 2003 [Docs.25, 26]. On September 19, 2003, Plaintiffs sought leave to amend their complaint a third time [Doc. 42], in order to attach as an exhibit a copy of the *ante litem* notice that Plaintiff McGhee sent to the Georgia Department of Administrative Services on April 2, 2001. Defendants filed no objections to this amendment, and the Court granted Plaintiffs' Motion to Amend [Doc. 58].

In December of 2003, the Court dismissed some of Plaintiffs' claims [Doc. 59]. After that order, Count One for violation of civil rights by unreasonable search and seizure remains for resolution only with regard to claims against Defendants Stembridge, and Freeny in their individual capacities, against the City of Macon, and against Defendant Chief of Police Vasquez in his official and individual capacities. Count Two for excessive force was dismissed entirely. Count Three for conspiracy to deprive decedent of equal protection goes forward only as to Defendants Freeny and Stembridge. Counts Four for excessive force and Five for false arrest and imprisonment remain in the case against Defendants Stembridge and Freeny. Count Six for conspiracy to obstruct justice was dismissed entirely. Count Seven for violation of Georgia RICO goes forward only as it applies to Defendants Stembridge, Freeny, Bond, Miley, and Sims. Count Eight for wrongful death remains only as to Defendants City of Macon and Vasquez. Count Nine for intentional and negligent infliction of emotional distress remains as to Defendants Sims, City of Macon, Vasquez, Bond, and Miley. Count Ten for violation of oath of office was dismissed entirely. As a result of this Order, Defendants State of Georgia and Bibb County are no longer defendants in this case. Plaintiffs also voluntarily dismissed Defendant Wetherington from the case [Doc. 112].

In February of 2004, the Court found that the joinder of the decedent's children was necessary for just adjudication, was feasible, and that their joinder would not affect the jurisdiction of this Court in this case. As a result, the Court ordered [Doc. 63] that Teundra Hollingshed, Tiffany Johnson, Tykevia Johnson, and Rashaad Jones be joined as Plaintiffs in this case, and these parties were served with process on May 10, 2004 [Docs. 73, 74, 75, 76].

On December 15, 2004, Defendants Freeny and Stembridge filed a Motion for Summary Judgment [Doc. 87]. Plaintiffs responded on June 8, 2005 [Doc. 124]. Defendants replied on June 14, 2005 [Doc. 125].

On December 16, 2004, Defendants City of Macon and Vasquez filed a Motion for Summary Judgment [Doc. 89] and a Motion for a Hearing on their Summary Judgment Motion [Doc. 92]. Plaintiffs responded on June 8, 2005 [Doc. 124]. Defendants replied on June 16, 2005 [Doc. 126].

On December 23, 2004, Defendants Bond and Miley filed a Motion for Summary Judgment [Doc. 96]. On December 27, 2004, Bond and Miley also filed a Request for Oral Argument [Doc. 99] on their summary judgment motion. Plaintiffs responded on June 8, 2005 [Doc. 124]. Defendants replied on June 17, 2005 [Doc. 127].

On March 15, 2005, Defendant Melissa Sims filed a Motion for Summary Judgment [Doc. 117]. Plaintiffs responded on June 8, 2005 [Doc. 124]. Defendant replied on June 14, 2005 [Doc. 125].

The Court notes that Plaintiffs filed one consolidated nine page response with a two page attached exhibit to all six motions pending against them. It is these six motions that are currently before the Court for decision.

## DISCUSSION

Under Federal Rule of Civil Procedure 56, summary judgment must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996). However, not all factual disputes render summary judgment inappropriate; only a genuine issue of

material fact will defeat a properly supported motion for summary judgment. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). This means that summary judgment may be granted if there is insufficient evidence for a reasonable jury to return a verdict for the nonmoving party or, in other words, if reasonable minds could not differ as to the verdict. See id. at 249-52. In reviewing a motion for summary judgment, the court must view the evidence and all justifiable inferences in the light most favorable to the nonmoving party, but the court may not make credibility determinations or weigh the evidence. See id. at 254-55; see also Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to a judgment as a matter of law. Celotex Corp., 477 U.S. at 323 (internal quotation marks omitted). If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact (i.e., evidence that would support a jury verdict) or that the moving party is not entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(e); see also Celotex Corp., 477 U.S. at 324-26. This evidence must consist of more than mere conclusory allegations or legal conclusions. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). Thus, summary judgment must be entered where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp., 477 U.S. at

323.

## I.   Defendants Freeny and Stembridge's Motion for Summary Judgment [Doc. 87]

Defendants Stembridge and Freeny were probation officers for the State of Georgia at all times relevant to this action. Decedent reported to them on the day of his death. After testing positive for the presence of marijuana, decedent was placed under arrest, handcuffed, and escorted to a state vehicle for transportation to the Bibb County Jail. Officer Freeny assisted Officer Stembridge in escorting decedent.

Still handcuffed, decedent broke free from the probation officers and fled into a wooded area bordered by the Ocmulgee River. The officers pursued Mr. Johnson. An unspecified number of police officers from the City of Macon Police Department arrived to assist in the pursuit. Plaintiff alleges that Stembridge, Freeny, and these other officers apprehended decedent and began to beat him severely. After which, the officers allegedly threw him, still handcuffed, into the river.

Of the ten claims originally brought against them by Plaintiffs, only Counts One, Three, Four, Five, and Seven remain. On December 15, 2004, Defendants Freeny and Stembridge file a Motion for Summary Judgment [Doc. 87]. Plaintiffs responded on June 8, 2005 [Doc. 124]. Defendants replied on June 14, 2005 [Doc. 125]. It is this Motion that is presently before the Court for decision.

    **A.   Count One--Deprivation of Decedent's Civil Rights against Unreasonable Search and Seizures, pursuant to 42 U.S.C. § 1983 and the 4th Amendment to the United States Constitution; and Count Four–Excessive Force, pursuant to 42 U.S.C. § 1983 and 4th Amendment of the U.S. Constitution**

Plaintiffs claim that Defendants Stembridge and Freeny violated decedent's Fourth

Amendment rights in conducting an unreasonable search and seizure and that they used excessive force in capturing decedent and that such action ultimately resulted in his death. Plaintiffs claim that Defendants beat decedent severely after capturing him and then threw him handcuffed into the Ocmulgee River where he drowned.

In support of their motion for summary judgment, Defendants have both given deposition testimony that they did chase decedent after he escaped them but that they were unable to capture him. They both state that they found no signs of decedent in their search and that they did not beat decedent or throw him into the river. Defendants also present the autopsy report prepared by Melissa Anne Sims, M.D., the Regional Medical Examiner for Central Georgia for the Georgia Bureau of Investigation. In her autopsy, Sims determined that Johnson's death was an accident due to drowning since there were no indications that there was any trauma or injury to his body that indicated that foul play was involved. Defendant also presented the testimony of Sims at the Coroner's inquest in Bibb County and related her findings that the cause of death was due to an accidental drowning, and at the inquest decedent's death was deemed an accident. Defendants have presented adequate evidence that would be reducible to admissible form at trial to show that they did not search, seize, or use excessive force against decedent in the events leading up to his death. From this evidence, Defendants have demonstrated the absence of any genuine issues of material fact and that they are entitled to summary judgment in regards to the claims alleging that they violated decedent's Fourth Amendment rights.

The burden then shifts to Plaintiffs to refute Defendants' evidence and establish a genuine issue of material fact in regards to the claims they bring against Defendants. In response to Defendants' motion, Plaintiffs present the deposition testimony of Plaintiff

Renee McGhee and the affidavit of Paul Wesley Parker. Both of these sources of evidence contain levels of hearsay. Plaintiff McGhee was not an eyewitness to the events alleged but relates that a man named David Smith witnessed the events and told her that eight to nine officers beat decedent and that Smith identified one of the officers as Defendant Stembridge. In the two and a half years since this case has been pending, David Smith has never been located, and he has never provided a written statement or police report based on his observations.

Affiant Parker was also not a witness to the events, and he also relates the statements allegedly made to him by David Smith. Plaintiffs argue that Parker's affidavit is excluded from the hearsay rules by relying on Federal Rule of Evidence 803 (8)(c) which states:

> Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth. . .(C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness

are excluded from the rules about the inadmissibility of hearsay. Plaintiffs assert that Parker's statement was an official report of an investigation in his capacity as an investigator for the Police Complaint Center. The Court finds that Plaintiffs' reliance on this exclusion is misplaced. First of all, Parker is not a law enforcement officer, and Plaintiffs provide no evidence indicating that his "investigation" was made pursuant to any lawful authority. Second, this is not a record, report, or statement of a public office or agency. The Court finds that Parker's affidavit does not fit within this hearsay exclusion and would be inadmissible at trial.

Inadmissable hearsay may sometimes be considered by a court when ruling on a

summary judgment motion. Pritchard v. Southern Co. Servs., 92 F.3d 1130, 1135 (11th Cir. 1996). However, Plaintiffs cannot rely upon inadmissable hearsay to defeat a motion for summary judgment by Defendants when that hearsay will not be reduced to admissible form at trial. Id. There is nothing to indicate that the deposition testimony or affidavit presented by Plaintiffs will lead to admissible evidence for trial. On the contrary, the statements are either contradicted in affidavits and depositions by all parties involved whose statements are reducible to admissible form at trial or contain statements by persons never located by any party involved for testimony. Thus, Plaintiffs have presented no evidence that can be reduced to admissible form at trial that counters Defendants Stembridge and Freeny's evidence sufficient to establish the presence of a genuine issue of material fact. Consequently, the Court finds that summary judgment must be **GRANTED** in favor of Defendants Stembridge and Freeny in regards to Plaintiffs' claims contained in Counts One and Four.

>    **B.     Count Three–Conspiracy to and Deprivation of Decedent's Rights to Equal Protection of Laws, pursuant to 42 U.S. C. §§ 1985(3) and 1983 and 14th Amendment of U.S. Constitution; Count Five–False Arrest and False Imprisonment, pursuant to 42 U.S.C. § 1983 and 5th and 14th Amendments to the U.S. Constitution; and Count Seven–Violation of State Law RICO, pursuant to O.C.G.A. § 16-14-1**

In their complaint in Counts Three, Five, and Seven, Plaintiffs allege that Defendants Stembridge and Freeny conspired with other individuals in denying decedent equal protection, falsely arrested and imprisoned decedent, and violated Georgia's RICO statutes. In their Motion for Summary Judgment, Defendants set forth numerous reasons why they are not liable to Plaintiffs for any part of these claims including that there was no meeting of the minds for any conspiracy not to mention that there is no evidence that any

of the alleged acts of conspiracy actually occurred, that they had probable cause for any arrest and imprisonment that occurred, and that there exists no evidence of the requisite "enterprise" or racketeering activity for a RICO claim. Plaintiffs do not respond at all to these arguments in their Response [Doc. 124]. The Eleventh Circuit has made it clear that Plaintiffs cannot abdicate their responsibility to make their case to the Court.

> In opposing a motion for summary judgment, "a party may not rely on his pleadings to avoid judgment against him." There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment. Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned. Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) (internal citations omitted).

Since Plaintiffs have made no attempt to refute the persuasive contentions of Defendants Stembridge and Freeny that Plaintiffs claims against them contained in Counts Three, Five, and Seven fail as a matter of law, the Court **HEREBY GRANTS** Defendants Stembridge and Freeny's Motion for Summary Judgment as to Counts Three, Five, and Seven.

Based on the aforementioned reasoning, Defendant Stembridge and Freeny's Motion for Summary Judgment [Doc. 87] is hereby **GRANTED** in full. Defendants Stembridge and Freeny are no longer defendants in this case.

II. **Defendants City of Macon and Vasquez's Motion for Summary Judgment [Doc. 89] and Motion for a Hearing on their Summary Judgment Motion [Doc. 92]**

Defendants City of Macon and Vasquez are involved in this case because certain unidentified officers of the Macon Police Department assisted Defendants Freeny and Stembridge in searching for decedent before the alleged beating and subsequent drowning. Also, when decedent's body was discovered later in the Ocmulgee River, it was a group of

Macon Fire and Rescue workers and City of Macon police officers who loaded the body into the hearse. Defendant Vasquez was the Chief of Macon Police at the times relevant to this action. Of the seven claims originally brought by Plaintiffs against Defendants City of Macon and Vasquez, only three remain: Counts One, Eight, and Nine. On December 16, 2004, Defendants City of Macon and Vasquez file a Motion for Summary Judgment [Doc. 89] and a Motion for a Hearing on their Summary Judgment Motion [Doc. 92]. Plaintiffs responded on June 8, 2005 [Doc. 124]. Defendants replied on June 16, 2005 [Doc. 126].

### A. Motion for Hearing

Regarding Defendants' Motion for a Hearing on their Summary Judgment Motion [Doc. 92], the Court finds that the briefs filed by the parties and the supporting documentation provide the Court with adequate information by which to render a decision on their motion. Accordingly, the Court does not find that a hearing is necessary on this matter, and Defendants' Motion for a Hearing [Doc. 92] is **DENIED**.

### B. Motion for Summary Judgment

1. Count One–Deprivation of Decedent's Civil Rights against Unreasonable Search and Seizures Pursuant to 42 U.S.C. § 1983 and the 4th Amendment to the United States Constitution

Plaintiffs assert in their complaint that unidentified police officers deprived decedent of the right not to be unreasonably seized and that these acts were pursuant to a policy and procedure of Defendant City of Macon. Plaintiffs also allege the Defendant Vasquez ratified the policy and procedure utilized by the police department and the unidentified police officers. This count remains against the City of Macon and against Defendant Vasquez in his official and individual capacities. However, an action for damages under § 1983 against a local government employee in his official capacity is

tantamount to an action for damages against the local government entity that the employee represents. See Brandon v. Holt, 469 U.S. 464, 471-72 (1985). Thus, it is no longer necessary for plaintiffs "to bring official-capacity actions against local government officials, for . . . local government units can be sued directly for damages and injunctive and declaratory relief." Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985). Because Plaintiffs have directly sued the City of Macon, their official capacity claims against Vasquez are redundant and unnecessary to adjudicate. See Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1184 n.16 (11th Cir. 1994); Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991) (per curiam). So, essentially, this claim remains against Defendant City of Macon and against Defendant Vasquez in his individual capacity.

Even under Plaintiffs' version of the facts, it is clear that no Fourth Amendment seizure violation occurred. The unidentified police officers came to the aid of Georgia probation officers who were searching for decedent, a probationer who had purportedly violated probation with his use of marijuana, was supposed to be in custody and transported to the Bibb County jail, and had fled from the deputies. While Plaintiffs have presented no evidence that shows that these unidentified officers attempted or actually seized decedent, the facts as asserted by Plaintiffs would provide any reasonable officer with sufficient justification for seizing and arresting decedent. Accordingly, Defendants are entitled to qualified immunity with respect to Plaintiffs' § 1983 claims for unreasonable seizure without probable cause under the Fourth Amendment, and summary judgment is **GRANTED** in their favor as to Count One.

It is important to note that Count Four–Excessive Force pursuant to 42 U.S.C. § 1983 and 4th Amendment of the U.S. Constitution was brought only against Defendants

Stembridge and Freeny as addressed above and "unidentified police officers." This count was not brought against the City of Macon or Vasquez, and they cannot be held liable under a theory of respondeat superior. Bd. of the County Comm'rs of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403 (1997).

        2.       Count Eight–Wrongful Death, O.C.G.A. § 51-4-2, et seq.

In their complaint, Plaintiffs allege that Defendants City of Macon and Vasquez ratified the conduct of their police officers and the police department, that decedent's injuries were the direct and proximate result of negligence and wilful and wanton indifference to the rights of the decedent, that Defendants failed to supervise, train, and control the police officers, that Defendants failed to establish a proper protocol for safely apprehending detainees, that such acts by the police officers were part of a pattern of conduct, and that these alleged acts were because of a failure to exercise due care resulting from a custom that was so well-settled as to have the express or implied consent of Defendants. In their Motion for Summary Judgment, Defendants set forth numerous reasons why they are not liable to Plaintiffs for any part of this claim including that they cannot be liable on a respondeat superior theory, that Vasquez was not a final policy maker in his capacity as chief of police and thus liability cannot attach to the City through him, that Plaintiffs have not demonstrated that there was any contact between the City of Macon, Vasquez, and decedent, and that there is no evidence that Vasquez made any decision which violated decedent's rights. Plaintiffs do not respond at all to these arguments in their Response [Doc. 124], and these claims are deemed abandoned. Resolution Trust, 43 F.3d at 599. The Court **HEREBY GRANTS** Defendants City of Macon and Vasquez' Motion for Summary Judgment as to Count Eight.

      3. <u>Count Nine–Intentional and Negligent Infliction of Emotional Distress, O.C.G.A. § 51-12-6, et seq.</u>

In their complaint, Plaintiffs claim that unidentified police officers caused decedent bodily harm with the intent to injure and failed to secure decedent's safety and that these acts caused Plaintiffs to suffer and continue to suffer emotional distress. Aside from the fact that Plaintiffs do not address this claim again in their response, Plaintiffs cannot recover on such a claim as a matter of law because "even malicious, wilful or wanton conduct will not warrant a recovery for the infliction of emotional distress if the conduct was not directed toward the plaintiff." <u>Ryckeley v. Callaway</u>, 261 Ga. 828, 829 (1992). "Georgia follows the 'impact rule' which requires that defendant's conduct must result in actual bodily contact to the plaintiff[s] except under circumstances where the wilful act was directed against the plaintiff." <u>Id.</u> Here, there was no impact inflicted on any Plaintiff nor was there any wilful act directed toward them. Since there was no impact on any of the Plaintiffs so as to support a recovery based on negligent conduct, and there was no evidence that any conduct by Defendants which may have been malicious, wilful, or wanton was directed at any of Plaintiffs, there is no right for any of Plaintiffs to recover for the emotional distress they alleged was caused them by the injury and subsequent death of decedent. Summary judgment is **GRANTED** to Defendants City of Macon and Vasquez as to Count Nine.

For the aforementioned reasons, Defendants City of Macon and Vasquez' Motion for Summary Judgment is **GRANTED** in full. Defendants City of Macon and Vasquez are dismissed from this case.

**III.** **Defendants Bond and Miley's Motion for Summary Judgment [Doc. 96] and Request for Oral Argument [Doc. 99]**

Defendant Bond is the coroner involved in this case, and Defendant Miley is the deputy coroner. Plaintiffs allege that Defendant Miley and the medical examiner, Defendant Sims, intentionally conducted an incomplete examination of the decedent's body to conceal the injuries sustained by decedent during the alleged beating, mishandled decedent's body, and that Defendant Bond ratified Miley's and Sims's alleged conduct. Of the four claims Plaintiffs originally brought against Defendants Bond and Miley, only two remain: Count Seven for violation of state law RICO pursuant to O.C.G.A. § 16-4-1 and Count Nine for intentional and negligent infliction of emotional distress, pursuant to O.C.G.A. § 51-12-6, et seq. On December 23, 2004, Defendants Bond and Miley filed a Motion for Summary Judgment [Doc. 96]. On December 27, 2004, Bond and Miley also filed a Request for Oral Argument [Doc. 99] on their summary judgment motion. Plaintiffs responded on June 8, 2005 [Doc. 124]. Defendants replied on June 17, 2005 [Doc. 127].

### A.     Request for Oral Argument

Regarding these Defendants' Request for Oral Argument [Doc. 99], the Court finds that the briefs filed by the parties and the supporting documentation provide the Court with adequate information by which to render a decision on their motion. Accordingly, the Court does not find that oral argument is necessary on this matter, and Defendants' Request for Oral Argument [Doc. 99] is **DENIED**.

### B.     Motion for Summary Judgment [Doc. 96]

As outlined in section II.B.3. above, Plaintiffs cannot recover on Count Nine for emotional distress as a matter of law. Furthermore, in their motion, Defendants assert that Plaintiffs have presented no facts or evidence that would prove the essential elements of the claims brought against them. Defendants outline the elements and review the evidence

presented by Plaintiffs, demonstrating the legal insufficiency of the evidence. In Plaintiffs' Response to Defendants' Motions for Summary Judgment [Doc. 124], Plaintiffs do not respond to any of the arguments made by Defendants Miley and Bond. In fact, Plaintiffs do not even mention the names of Defendants Miley or Bond in this response and do not touch on any of the claims brought against them. Consequently, these claims are deemed abandoned. Resolution Trust, 43 F.3d at 599. The Court **HEREBY GRANTS** Defendants Bond and Miley's Motion for Summary Judgment. They are no longer Defendants in this case.

## IV.    Defendant Melissa Sims' Motion for Summary Judgment [Doc. 117]

Defendant Melissa Sims is the Regional Medical Examiner for Central Georgia for the Georgia Bureau of Investigation. Defendant Sims performed the autopsy on decedent in that capacity. Plaintiffs claim that Defendant Sims conducted an incomplete examination of decedent's body, rendered a false and incomplete report of her examination, improperly disposed of decedent's body, intentionally withheld pertinent information and gave inaccurate information while testifying at the coroner's inquest proceeding, and that she conspired with fellow Defendants in carrying out these activities. Plaintiffs presented nothing in their complaint besides their own allegations to establish their four original claims against Defendant. After the Order on the Motion to Dismiss, only two claims remain against her: Count Seven–Violation of state law RICO, pursuant to O.C.G.A. § 16-4-1 and Count Nine–Intentional and negligent infliction of emotional distress, pursuant to O.C.G.A. § 51-12-6, et seq.

As outlined in section II.B.3. above, Plaintiffs cannot recover on Count Nine for emotional distress against Defendant Sims as a matter of law. Furthermore, Defendant

Sims addresses Plaintiffs' claims in her Motion for Summary Judgment and supporting brief [Doc. 117], presenting her own deposition testimony that she conducted a proper autopsy of decedent, testified truthfully before the inquest in Bibb County, and did not have contact or communication with any Defendant that resulted in a conspiracy on her part. By doing so, Defendant Sims satisfied her initial responsibility of informing the district court of the basis for its motion, and identifying deposition testimony that demonstrates the absence of a genuine issue of material fact and that entitle her to a judgment as a matter of law. See Celotex Corp., 477 U.S. at 323.

In Plaintiffs' Response to Defendants' Motions for Summary Judgment [Doc. 124], Plaintiffs do not respond to any of the arguments made by Defendant Sims. Plaintiffs do not even mention Defendant Sims except to cite her autopsy and coroner's report as to the cause of death of decedent. Consequently, these claims are deemed abandoned. Resolution Trust, 43 F.3d at 599.

After reviewing the record, arguments of the parties, and the applicable law concerning the claims brought against Defendant Sims, the Court finds that there is no evidence establishing any liability on the part of Defendant Sims and no issue of material fact to show otherwise. Accordingly, Defendant Sims' Motion for Summary Judgment [Doc. 117] is hereby **GRANTED**. Defendant Sims is no longer a Defendant in this case.

## CONCLUSION

The Court recognizes that decedent's death was an unfortunate accident and sympathizes with Plaintiffs for their loss. However, the Court finds that no liability exists on the part of any Defendant for any of the claims brought by Plaintiff. For the aforementioned reasons, Defendants' Motions for Summary Judgment [Docs. 87, 89, 96,

117] are all **GRANTED** in full, and Defendant's Motions for Hearing or Oral Argument [Docs. 92, 99] are **DENIED**.  This order disposes of all of Plaintiffs' claims.

    **SO ORDERED** this19th day of July, 2005.

                                    s/ C. Ashley Royal
                                    **C. ASHLEY ROYAL**
                                    **UNITED STATES DISTRICT JUDGE**

LTH